**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WICKIE TUTT,** )<br>  Petitioner, )<br> ) **C.A. No. 08-255 Erie**<br>  v. )<br> ) **District Judge McLaughlin**<br>**PROSECUTOR'S OFFICE, et al.,** ) **Magistrate Judge Baxter**<br>  Respondents. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Respondents [Document # 12] be granted.  The claims of the original petition should be dismissed.

By separate Order issued this date, Petitioner is directed to file an amended petition more fully alleging his prosecutorial misconduct, ineffective assistance of counsel, and actual innocence claims.

**II.   REPORT**

  **A.   Relevant Procedural and Factual History**

Petitioner, Wickie Tutt, is a prisoner currently incarcerated within the federal correctional system.  Petitioner is attacking his state court conviction and sentence at docket number 1359 of 2004 in the Court of Common Pleas of Erie County, Pennsylvania. Petitioner was convicted of Receiving Stolen Property, and was sentenced to 14 to 60 months imprisonment on November 5, 2004.  That sentence was made consecutive to a federal sentence Petitioner was serving.

Petitioner did not file a direct appeal of his state sentence.

On March 31, 2005, Petitioner filed a petition pursuant to the Post Conviction Relief Act (PCRA) under 42 Pa.Cons.Stat. § 9541, *et seq.*, which was denied on December 19, 2005, following

an evidentiary hearing. On December 29, 2005, Petitioner appealed that denial to the Pennsylvania Superior Court, and the appeal was denied on November 9, 2006. Thereafter, Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court on December 11, 2006, which was denied on July 31, 2007.

On July 20, 2008, Petitioner signed and dated[1] the instant petition for writ of habeas corpus and the petition was received by the U.S. District Court for the Northern District of Ohio on July 28, 2008. Thereafter, the instant petition was transferred to this Court. This Court ordered that the petition be served upon Respondents and in response to the petition, the District Attorney's Office has filed a motion to dismiss based on the statute of limitations, as well as a response to the petition.

      **B.**    **Petitioner's Claims**

In the original petition, Petitioner raises the following as grounds for habeas corpus relief:

1. "Double jeopardy under 18 Pa.C.S.A. § 111";
2. "Prosecution for receiving stolen property and bank fraud require same proof of fact in this instance";
3. "The crimes of bank fraud and receiving stolen property are designed to prevent essentially the same evil";
4. "Defense attorney was ineffective for fining no merit in double jeopardy defense."

Document # 1.

---

[1] As a *pro se* prisoner litigant, Petitioner will be given the benefit of the mailbox rule. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (an inmate's pleadings are deemed filed at the moment the inmate delivers the documents to prison officials to be mailed). See also Satterfield v. Johnson, 434 F.3d 185, 189 fn.3 (3d Cir. 2006); Longenette v. Krusing, 322 F.3d 758 (3d Cir. 2003); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (prison mailbox rule provides that "a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.").

On April 28, 2009, Petitioner filed a "Motion to Alter or Amend 2254 petition and to offer additional findings of fact supporting actual innocence" alleging that in November of 2008 he became aware of a videotape which exonerates him. Document # 15. In subsequent filings, Petitioner argues that he should be allowed to amend the petition to raise a claim of "the withholding of possibly exonerating evidence or if Atty. Dwyer was aware of video and did not tell Petitioner, ineffective assistance of counsel ... Also a claim of actual innocence." Document # 14, pages 2-3; Documents ## 17, 18. This Court denied the motions to amend or supplement the petition, but indicated that in the event more evidence or argument became necessary, such would be ordered.

### C. Statute of Limitations

Respondents move for the dismissal of the petition based upon the statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(d).[2] AEDPA requires, with a few exceptions not implicated here,

---

2 The applicable statute reads:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

that a state prisoner seeking federal habeas corpus relief file a petition in federal district court within one year after his state judgment of sentence becomes final.  28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner's state sentence became final on December 5, 2004 (thirty days after the trial court imposed sentence, the time period in which Petitioner could have filed a direct appeal. and Petitioner failed to seek appellate review).  The statute of limitations commenced running on that date.  See Kapral v. United States, 166 F.3d 565, 571 (3d Cir. 1999) ("if a defendant does not file a certiorari petition, the judgment of conviction does not become 'final' until the time for seeking certiorari review expires. A defendant has 90 days from the date on which the court of appeals affirms the judgment of conviction to file a petition for a writ of certiorari. [...] Only when the time for seeking certiorari review has expired is it appropriate for a defendant to commence a collateral attack on the conviction and sentence."); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

Petitioner filed a timely PCRA petition on March 31, 2005, raising issues of double jeopardy and ineffective assistance of counsel for failure to pursue a double jeopardy defense.  So then, his judgment of sentence became final on December 5, 2005, while his timely PCRA proceeding was pending.  Therefore, pursuant to 28 U.S.C. § 2244(d)(2), AEDPA's limitations period was immediately statutorily tolled during the entire pendency of the "properly filed" application for state

---

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

post-conviction relief, 28 U.S.C. § 2244(d)(2).  See also Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005); Satterfield v. Johnson, 434 F.3d 185 (3d Cir. 2006).  It appears from the state court record that Petitioner's collateral attack was pending through all levels of the Pennsylvania state courts from March 31, 2005 through July 31, 2007 (the date on which the Pennsylvania Supreme Court issued its denial).

Importantly, the statute of limitations does not begin to run from the date upon which the Pennsylvania Supreme Court issued its denial of the petition.  Instead, the statute of limitations is cumulative so that upon the conclusion of the state court proceedings the statute of limitations period continued to run.  So then, almost four months elapsed before the filing of the PCRA petition and almost a year elapsed between the conclusion of the state court proceedings and the filing of the instant petition for writ of habeas corpus.  The original petition is therefore time-barred under AEDPA. Accordingly, the original petition raising double jeopardy and ineffective assistance of counsel claims should be dismissed.

### D.     Newly Discovered Evidence

In his later filings, Petitioner has raised the new issues of prosecutorial misconduct, ineffective assistance of counsel, and "actual innocence," all related to the possible exonerating videotape which came to light after the conclusion of his collateral attacks challenging his conviction and sentence.  Because the statute of limitations must be applied on a claim by claim basis, and because it is possible that the statute of limitations does not apply to these new claims, Petitioner will be allowed to proceed in this regard.  Felder v. Varner, 379 F.3d 113, 118 (3d Cir. 2004).

By separate Order filed this day, Petitioner will be directed to file an amended petition more fully detailing these claims based upon the newly discovered evidence of the videotape.

**E.     Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In <u>Slack v. McDaniel</u>, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Applying this standard here, jurists of reason would not find it debatable whether the claims of the original petition are time bared under AEDPA.  Accordingly, a certificate of appealability should be denied.

**III.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Respondents [Document # 12] be granted.  The claims of the original petition should be dismissed.

By separate Order issued this date, Petitioner is directed to file an amended petition more fully alleging his prosecutorial misconduct, ineffective assistance of counsel, and actual innocence claims.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrate Judges, the parties are allowed 10 days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have 10 days from the date of service of objections to respond thereto.  Failure to

file timely objections may constitute a waiver of any appellate rights.  See <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

                              <u>S/ Susan Paradise Baxter</u>
                              SUSAN PARADISE BAXTER
                              UNITED STATES MAGISTRATE JUDGE

Dated: November 13, 2009